<u>NOT FOR PUBLICATION</u>                    [Docket Nos. 14, 15 and 17]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE


_____
                                    :
GENNARO D'AGOSTINO,                 :
                                    :
            Plaintiff,              :   Civil No. 07-126 (RMB)
                                    :
       v.                           :   **OPINION and ORDER**
                                    :
GLOUCESTER COUNTY SPECIAL           :
WEAPONS AND TACTICS TEAM            :
et al,                              :
                                    :
            Defendants.             :
_____ :


Appearances:

Joseph P. Grimes, Esquire
Grimes & Grimes, LLC
1230 Brace Road
Cherry Hill, New Jersey 08034-3211
(856) 428-2299
     Attorney for Plaintiff

Patrick J. Madden, Esquire
Madden & Madden, PA
108 Kings Highway East
Suite 200
P.O. BOX 210
Haddonfield, New Jersey 08033
(856) 428-9520
     Attorney for Defendants

**BUMB**, United States District Judge:

    Plaintiff Gennaro D'Agostino ("Plaintiff") calls this case one of "first impression."  Amended Complt. ¶ 1.  Plaintiff

1

alleges that the Defendants, Gloucester County Special Weapons and Tactics Team ("SWAT team"), the Gloucester County Board of Chosen Freeholders, the Gloucester County Prosecutor, and Sergeant Robert Borkowski (collectively the "Defendants") violated several federal environmental laws by using "toxic and hazardous materials" at his home. Amended Complt. ¶¶s 11-12. Specifically, Plaintiff alleges that on January 9, 2006, Defendants arrived as his residence to effect the lawful arrest of his son, Giuseppe. According to the Amended Complaint, the Defendants became liable under several environmental laws when, in connection with the arrest, they disbursed tear gas, allegedly a hazardous and toxic material, into the "air" and "soils" of Plaintiff's home. Amended Complt. ¶ 11.

According to the Amended Complaint, Plaintiff alleges violations of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., the Federal Water Pollution Control Act ("FWCPA"), 33 U.S.C. § 1251 et seq., the Clean Air Act, 42 U.S.C. § 7401 et seq.,("CAA") (Count I). Plaintiff also alleges a violation of the State Environmental Clean Up and Responsibility Act.

On September 13, 2007, Defendants moved to dismiss Counts I (CERCLA, FWCPA and CAA) and III of the Amended Complaint.

Plaintiff concedes the dismissal of Count III.[1]  Accordingly, that Count will be dismissed.  Plaintiff also concedes that he is not entitled to money damages under FWCPA or the CAA.  Accordingly, those claims will be dismissed as well.

A.   **The CERCLA Claim**

Section 9607(a) of CERCLA sets forth who is liable under the Act.  In relevant part, section 9607(a) provides that:

(1)  the owner and operator of a vessel or a facility.

(2)  any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of

...

(4)  [] shall be liable for –

  (A)  all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan;

  (B)  any other necessary costs of response incurred by any other person consistent with the national contingency plan;

  (C)  damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release; and

  (D)  the costs of any health assessment or health

---

[1] Plaintiff had opposed Defendants' initial Motion to Dismiss filed prior to the Amended Complaint.  Because the Amended Complaint merely corrects a clerical error, the Court will consider Plaintiff's earlier opposition as opposition to the Motion to Dismiss the Amended Complaint.

>                    effects study carried out under section
>                    9604(I) of this title.

42 U.S.C. § 9607(a).

In their submissions, the parties disagree as to whether the Defendants are "potentially responsible parties" or whether Plaintiff's residence is a "facility" under the terms of CERCLA. The Court need not address these issues. Even assuming Defendants are potentially responsible parties and the residence is a "facility" as Plaintiff contends, Plaintiff does not allege that he has incurred costs of response "consistent with the national contingency plan"[2] as is required under section 9607(a). See 42 U.S.C. § 9607(a)(4)(B), the only section that could be applicable in this case. Because this is the only provision in CERCLA that provides recovery by a private party, such as the Plaintiff, the Amended Complaint, as alleged, is deficient. See, e.g., County Line Investment Co. v. Wagco Land Development, Inc.; 933 F. 2d 1508, 1512 (10th Cir. 1991)("Section 107 provides that a person is only liable for private party response costs to the extent that these costs were incurred 'consistent with the national contingency plan.' ... Proof of response costs incurred 'consistent with' the NCP is, therefore, an element of a prima facie private cost recovery action under CERCLA.") Accordingly,

---

[2] The national contingency plan is a set of regulations promulgated by the EPA to "establish procedures and standards for responding to releases of hazardous substances, pollutants, and contaminants...." 42 U.S.C. § 9605(a).

Plaintiff's claim under CERCLA in Count I will be dismissed.

B.    **The FWCPA Claim**

Plaintiff's claim under the FWCPA is likewise flawed. Nowhere in his Amended Complaint does Plaintiff allege a <u>prima facie</u> case. The FWCPA applies to "discharges of pollutants from any source into navigable waters, including the 'territorial seas' ... and applies as well to discharges from sources 'other than a vessel or other floating craft,' into the 'contiguous zone' and the high seas..." <u>Middlesex County Sewerage Authority v. Nat'l. Sea Clammers Ass'n.</u>, 453 U.S. 1, 11, n. 18 (1981) (internal citations omitted). Plaintiff makes no such allegation. Moreover, the FWCPA expressly provides that a citizen may commence a civil action:

> (1) against any person ... who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or
>
> (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.
>
> The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an effluent standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties under section 1319(d) of this title.

33. U.S.C. § 1365(a).

Plaintiff has not alleged any of the necessary statutory

claims set forth above. Accordingly, this claim will be dismissed.

C. **The CAA Claim**

With respect to a claim under the CAA, a citizen may bring a claim under the CAA "against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the Eleventh Amendment to the Constitution) who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of (A) an emission standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation." 42 U.S.C. § 7604(a)(1). Again, Plaintiff makes no allegation that comes within this statutory language. Accordingly, this claim will be dismissed.

**Conclusion**

For the foregoing reasons, Counts I and III of the Amended Complaint be and are hereby dismissed. Plaintiff, however, shall have thirty days from the entry of this Order to seek leave to amend Count I of his Complaint pursuant to Federal Rule of Civil Procedure 15 consistent with this Opinion and Order.

                                          s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          United States District Judge

Dated: October 15, 2007